United States District Court
Southern District of Texas
**ENTERED**
April 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK JOHN NORTHUP, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-268 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID) and currently is incarcerated at the Scott Unit in Angleton, Texas. The actions about which he complains occurred in Aransas County Texas. Proceeding *pro se* and *in forma pauperis*, Petitioner filed this habeas action on July 24, 2017 (D.E. 1).[1] The underlying conviction which is the subject of the petition is a 2007 conviction for robbery in Aransas County, Texas. Respondent filed a motion for summary judgment on October 5, 2017 to which petitioner responded on October 23, 2017 (D.E. 13, 14). For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted and Petitioner's application for habeas corpus relief be denied.

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on July 24, 2017 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION AND VENUE

Jurisdiction and venue are proper in this court because the actions about which Petitioner complains occurred in Aransas County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner was convicted of robbery in the 36th District Court of Aransas County, Texas on September 6, 2007 and sentenced to a term of twelve years in TDCJ-CID (D.E. 1 at p. 2). The Thirteenth Court of Appeals affirmed his conviction. *Northup v. State*, No. 13-07-0581-CR, 2009 WL 1623426 (Tex.App.--Corpus Christi 2009, pet. ref'd)(not designated for publication). Petitioner has filed applications for habeas corpus relief in state and federal court, all of which have been denied. *See Ex Parte Northup*, WR-72,910-01 (D.E. 12-2 and 12-3); *Ex Parte Northup*, WR-72,910-02 (D.E. 12-4 and 12-5); *Ex Parte Northup*, WR-72,910-03 (D.E. 12-6 and 12-7); *Ex Parte Northrup*, WR-72,910-04 (D.E. 12-8); *Northup v. Thaler*, No. C-10-85, 2010 WL 3505123 (S.D. Tex. Sept. 2, 2010) (COA denied in *Northup v. Thaler*, No. 10-40935 (5th Cir. Feb. 8, 2011)(cert. denied *Northup v. Thaler*, 131 S.Ct. 2999, 180 L.Ed.2d 828 (2011)); *Northrup v. Thaler*, No. 2:12-CV-16, 2012 WL 4068997 (S.D. Tex. 2012).

On March 15, 2017 Petitioner filed a habeas application in state court to challenge the parole revocation proceedings under review herein and it was denied without written order on May 17, 2012. *Ex Parte Northup*, WR-72,910-05 (D.E. 12-10 and 12-12).

Petitioner next filed this federal petition challenging the constitutionality of his parole revocation proceedings.

Petitioner was released from TDCJ-CID custody on April 20, 2015 (Aff. of Charley Valdez, Ex. A to Mot. for Sum. Jmt., D.E. 13-1 at p. 4). A pre-revocation warrant for arrest was issued on October 10, 2016 by the Parole Division and Petitioner was arrested on October 26, 2016. The warrant was withdrawn on November 14, 2016 and Petitioner was released from custody the same day, with credit for time spent in jail from October 26 to November 14 (*Id.*)

A second pre-revocation warrant was issued on November 28, 2016 and Petitioner was arrested on December 16, 2016. It was alleged that Petitioner had failed to pay fees, failed to abide by a home curfew, was in an unauthorized location, and had a bracelet strap alert (Hearing/Waiver Results, Ex. B to Mot. for Sum. Jmt., D.E. 13-1 at pp. 7-9). Petitioner's parole was revoked on December 29, 2016 and he was transferred to TDCJ-CID custody on January 17, 2017 (Valdez Aff., Ex. A to Mot. for Sum. Jmt., D.E. 13-1 at p. 4).

In his current application for habeas corpus relief, Petitioner makes the following arguments: (1) He was denied his Sixth Amendment right to counsel when he was not provided an attorney in his parole revocation proceeding, despite having requested one; (2) He was denied due process when he was not provided a preliminary hearing in the parole revocation process despite not expressly waiving his right to one; and (3) He was denied equal protection when he was not allowed to participate in a rehabilitation or treatment program prior to revocation of parole.

In his motion for summary judgment, Respondent asserts the following: (1) With limited exceptions not applicable here, there is no constitutional right to assistance of counsel in parole proceedings; (2) There is no constitutional right to a preliminary hearing in the parole revocation process; and (3) Petitioner's right to due process was not violated when he was not allowed to participate in a drug treatment program. Respondent concedes that Petitioner exhausted his administrative remedies and also that the petition is timely and not subject to the successive petition bar.

## APPLICABLE LAW

### A. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2241-2255 (AEDPA), a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of

the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, 120 S.Ct. at 1522-1523).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision. Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Id.* at 102. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id.* "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999). A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

**B. Parole Revocation Proceedings**

**1. Right to Counsel**

There is no absolute constitutional right to counsel in parole revocation proceedings. Rather, a decision as to need for counsel is made on a case-by-case basis by the state authority charged with administering the probation and parole system. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Although there is no precise formula, the Court provided the following guidance:

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial

> reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the ground for refusal should be stated succinctly in the record.

*Gagnon*, 411 U.S. at 790-791.

In this case, when Petitioner was arrested he received a magistrate's warning while in county jail. As part of the recitation of rights, he was told that he had the right to a court appointed attorney and he requested one (Magistrate's Warning, Ex. A to Pet's Memorandum, D.E. 4 at p. 13). Despite his request, Petitioner was not provided an attorney at the revocation hearing. Petitioner argues that because the magistrate noted that Petitioner had requested a court-appointed attorney, the Texas Board of Pardons and Paroles was without authority to deny him the attorney at the revocation hearing. However, the Magistrate Warning Form appears to be a standard form issued to arrestees informing them of their rights at the time of their arrest. While it is true that the form indicates that Petitioner was advised that he was entitled to a court-appointed attorney and requested one, the form cannot override long-standing Supreme Court precedent that defendants in parole revocation hearings are entitled to court-appointed counsel only in particular circumstances.

The allegations in Petitioner's revocation case were straightforward technical violations and Petitioner admitted committing them (Hrg. Waiver/Results, Ex. B to Mot. for Sum. Jmt., D.E. 13-1 at pp. 7-9). Petitioner has not described how having counsel at the hearing would have helped him or asserted that he was prejudiced by lack of counsel.

In addition, Petitioner has a long history of ably representing himself in *pro se* proceedings and appears to understand the parole revocation process. Accordingly, he cannot show that denial of counsel at the parole revocation hearing violated his Sixth Amendment right to counsel and summary judgment should be entered for Respondent.[2]

**2. Right to a Preliminary Hearing**

Petitioner asserts that his right to due process was violated when he was not given a preliminary hearing in the parole revocation process. In *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), the Court noted that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Nevertheless, a parolee facing revocation has an interest in his continued liberty that falls within the protection of the Fourteenth Amendment and "[i]ts termination calls for some orderly process, however informal." *Id.* Due process requires that a minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and that it occur as promptly as convenient after the arrest. *Id.* at 485. Such an inquiry is akin to a preliminary hearing to "determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.*

[2] Respondent submitted two documents that he claims show that Petitioner was mentally capable of representing himself and that he was told of his rights in the revocation process (Exs. C and D to Mot. for Sum. Jmt., D.E. 13 at pp. 11-16). Petitioner points out that these documents were part of an earlier, unrelated revocation proceeding that occurred in 2007 (D.E. 14 at pp. 2-3). The documents were not considered in this analysis of Petitioner's claims.

The Texas Administrative Code provides in relevant part that a preliminary hearing is not necessary if, as in Petitioner's case, the parolee has been charged only with an administrative violation of a condition of parole or mandatory supervision. 37 TAC 146.7(f)(2). Section 508.2811 of the Texas Government Code also provides that a parolee is entitled to a preliminary hearing unless he has been charged only with an administrative violation of a condition of release. Petitioner argues that these state statutes are contrary to the ruling in *Morrissey* that parolees are entitled to prompt preliminary hearings.

However, even if the Texas statutes run afoul of *Morrissey*, in order to make out a claim for habeas corpus relief, Petitioner would have to show that harm caused by the failure to hold the hearing was "substantial and injurious." *Fry v. Pliler*, 551 U.S. 112, 121-122 (2007); *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Petitioner has not alleged that he suffered any injury from the failure to provide a preliminary hearing. He has not argued that a preliminary hearing would have shown no probable cause for initiating revocation proceedings and at the revocation hearing he pleaded guilty to the violations (Hrg. Waiver/Results, Ex. B to Mot. for Sum. Jmt., D.E. 13-1 at pp. 7-9). Moreover, the Fifth Circuit has held that when state parole authorities fail to provide a preliminary revocation hearing, a parolee does not make out a due process claim when he later is afforded a full evidentiary hearing. *Collins v. Turner*, 599 F.2d 657 (5th Cir. 1979)(per curiam). *See also Browder v. Davis*, Nos. 3:14-CV-177 and 3:14-CV-353, 2017 WL 213083 (S.D. Tex. 2017)(failure to provide a preliminary hearing will not provide a basis for habeas relief if petitioner was afforded an adequate evidentiary hearing before

revocation of his parole became final); *Hodges v. Trinci*, No. 4:12-CV-2207, 2013 WL 6564609 at *4 (S.D. Tex. 2013)(delayed or flawed preliminary hearing has no relation to incarceration after final revocation hearing is held).

Based on the evidence in the record, Petitioner cannot show that the failure to provide him with a preliminary hearing violated his right to due process under the Fourteenth Amendment. Accordingly, summary judgment should be entered for Respondent on this issue.

**3. Equal Protection Claim**

Petitioner claims that his constitutional right to equal protection was violated when parole was revoked and he was reincarcerated rather than allowed to participate in a drug rehabilitation program at an intermediate sanction facility. He claims that previous referrals to a drug treatment program indicate that he has been deemed a chronic drug abuser and that the most recent refusal to refer him to drug treatment rather than revoke parole shows that he is being discriminated against based on a disability. He further argues that similarly situated parolees have been allowed to participate in drug rehabilitation programs.

The equal protection clause of the Fourteenth Amendment states that "no state shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. The clause directs that similarly situated people should be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). Equal protection jurisprudence typically has been concerned with governmental classifications that affect some groups of citizens differently than others. *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601

(2008). Plaintiffs in such cases generally allege that they have been arbitrarily classified as members of an identifiable group. *Id.*

An equal protection claim can also be made when a plaintiff, rather than alleging class-based discrimination, alleges that he has been singled out as a so-called "class of one." *Id.* (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)(*per curiam*). A plaintiff makes a "class of one" claim when he alleges that he has been intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Id.* (citing *Olech*, 528 U.S. at 564).

Petitioner's allegations that his equal protection rights were violated when he was not chosen to participate in a drug rehabilitation program are wholly conclusory. The only notation in the record regarding placement in the program states, "BPP vote on 11-01-2016 to ISG—Ruled ISF ineligible on 11-10-2016. Recommendation: Revoke." (Hrg./Waiver Results, Ex. B to Mot. for Sum. Jmt., D.E. 13-1 at p. 9).[3] Petitioner has provided neither argument nor evidence that the ineligibility finding was made because his is disabled, or that similarly situated parolees were treated differently. Petitioner bears the burden of showing that there was no reasonable basis for the state habeas court to deny relief and he has not done so. Therefore, it is recommended that judgment be entered for Respondent.

[3] It is further noted that when Petitioner was released to parole in 2015, he completed a treatment program in a residential treatment facility and also a 300-hour course entitled "Relapse Prevention, Life Skills, and Social Sober Living" while staying at a transitional living center in Houston (Certificate, Ex. E to Mot. for Sum. Jmt., D.E. 13-1 at pp. 18-20). Petitioner also attended alcohol and drug abuse support groups prior to revocation of his parole (Ex. E to Mot. for Sum. Jmt., D.E. 13-1 at pp. 21-32).

**C. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his cause of action be denied on the merits. Reasonable jurists would not find it debatable that Petitioner failed to show that he is entitled to habeas corpus relief. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 13) be GRANTED. Petitioner's request for habeas relief should be DISMISSED because he has failed to show that he is entitled to habeas corpus relief. If Petitioner seeks a Certificate of Appealability, it is further recommended that the request be DENIED.

Respectfully submitted this 4th day of April, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).